FILED

OCT 1 8 2023

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 6:23-CR-1DL₀ |
| | § | JUDGES JDK-KNM |
| GARY ANDERSON (01) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation:   21 U.S.C. § 841(a)(1) (Possession
with Intent to Distribute Protonitazene)

On or about December 21, 2022, in the Eastern District of Texas, defendant **Gary Anderson**, did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of N,N-Diethyl-2-(5-nitro-2-(4-propoxybenzyl)-1H-benzimidazol-1-yl)ethan-1-amine (Protonitazene), a Schedule I controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Two

Violation:   18 U.S.C. § 924(c)
(Use, carrying, and possession of firearms
during and in furtherance of a drug trafficking
crime)

On or about December 21, 2022, in the Eastern District of Texas, defendant, **Gary Anderson**, did knowingly use and carry firearms during and in relation to, and did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a mixture or substance containing a detectable amount of Protonitazene as charged in Count One of this indictment. The firearm was a Glock, model 43, 9 mm caliber, semi-automatic pistol.

In violation of 18 U.S.C. § 924(c).

## Count Three

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about December 21, 2022, in the Eastern District of Texas, the defendant,

**Gary Anderson**, did knowingly possess, in and affecting interstate or foreign commerce,

a firearm, to wit: a Glock, model 43, 9mm caliber pistol, while knowing he had been

convicted of an offense punishable by a term of imprisonment exceeding one year,

specifically:

1) Possession of a Controlled Substance Analogue in Penalty Group 1 > = 4G <
   200G, a felony, in the 114th District Court in and for Smith County, Texas, on
   February 9, 2001;

2) Bribery, a felony, in the 278th District Court in and for Walker County, Texas,
   on February 16, 2007; and

3) Conspiracy to Possess with Intent to Distribute More than 5 Kilograms of
   Cocaine and 280 grams of Cocaine Base, a felony, in the United States District
   Court for the Eastern District of Texas – Tyler Division, in cause number
   6:11CR00071, on March 1, 2012.

In violation of 18 U.S.C. § 922(g)(1).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), & 28 U.S.C. § 2461(c)

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendant herein shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c):

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violations;

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3. any and all firearms, ammunition and accessories seized from the defendant.

### Facilitating Property:

1. 3 Tablet Pill Press TDP 1.5 machines
2. 13 Sets of Pill Press Dyes

### Firearms(s) and Ammunition:

Any and all firearms, ammunition and accessories seized from the defendant, including, but not limited to the following:

1. a Glock, model 43, 9mm caliber, semi-automatic pistol, bearing serial number ADWF794, with magazine.
2. Six (6) 9 mm caliber cartridges

### Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____10|18|23_____
Date

_____CSR_____
FOREPERSON OF THE GRAND JURY

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

_____
JIM NOBLE
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 6:23-CR-____ |
| V. | § | JUDGES _____ |
| | § | |
| GARY ANDERSON | § | |

## NOTICE OF PENALTY

### Count One

Violation:      21 U.S.C. § 841(a)(1) and (b)(1)(C)

Penalty:      Imprisonment for not more than 20 years, a fine not to exceed $1,000,000, or both, and supervised release of not less than 3 years.

Special Assessment:      $100.00

### Count Two

Violation:      18 U.S.C. § 924(c)

Penalty:      Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both, and supervised release of not more than 5 years.

Special Assessment:      $100.00

### Count Three

Violation:      18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm)

Penalty:      A fine of not more than $250,000.00; imprisonment for not more than fifteen (15) years; a term of supervised release of not more than three (3) years.   18 U.S.C. § 924(a)(2).

Special Assessment:      $100.00